**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> **ALLEN MICHAEL DONAHUE,** ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 08-1070-TUC-RCC (CRP) <br><br> **REPORT AND** <br><br> **RECOMMENDATION** |

Defendant filed a Motion to Dismiss for Vindictive Prosecution on October 7, 2009. (Doc 91). The motion was in response to a superceding indictment filed by the Government on September 16, 2009, which added one count of conspiracy to possess with intent to distribute marijuana, and one count of conspiracy to import marijuana into the U.S. to Defendant's original two counts. (Doc 72).

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a protected statutory or constitutional right. *U.S. v. Goodwin*, 457 U.S. 368, 372 (1982), *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). Generally, the defendant need only show evidence of a realistic or reasonable likelihood of vindictiveness

to give rise to a presumption of prosecutorial vindictiveness. *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir.1993), *cert. denied*, 510 U.S. 1058 (1994). However, in the context of pre-trial proceedings, vindictiveness claims resulting from additional charges are evaluated differently than if they were added during or after trial. *United States v. Gamez-Orduño*, 235 F.3d 453, 462 (9th Cir.2000). Decisions to charge defendants, prior to trial, generally require a stronger showing of actual, prosecutorial vindictiveness, as they "must be measured against the broad discretion held by the prosecutor to select the charges against an accused." *Goodwin*, 457 U.S. at 380 n. 11, citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Courts have found good reason to allow prosecutors to alter charges against a defendant prior to trial, and to ensure that "[a]n initial decision [on charges] should not freeze future conduct." *Goodwin*, 457 U.S. at 382.

In the case at hand, given its pretrial status, the Court finds that Defendant has not shown evidence of actual prosecutorial vindictiveness. Defendant argues the superceding indictment was charged immediately after Defendant prevailed on a motion to suppress, which leads to a presumption of prosecutorial vindictiveness. (Doc 91). While the timing of the superceding indictment may give the Court pause, there is no indication that this signals actual vindictiveness on the part of the prosecution.

Additionally, it is when the government attempts to "up the ante" through increased charges that a court should suspect prosecutorial vindictiveness. *U.S. v. Robison*, 644 F.2d 1270, 1273 (9th Cir.1981). The "doctrine of vindictive prosecution does not apply when 'there has been no increase in the severity of the charge or the sentence imposed.'" *U.S. v. Aespuro*, 938 F.Supp. 623, 627 (E.D. Cal.1996), *quoting U.S. v. Kinsey*, 994 F.2d 699, 701 (9th Cir.1993). Here, the Government has argued and Defendant has conceded that the additional counts in the superceding indictment carry no additional sentence, were the Defendant to be convicted of all four counts. (Doc 95).

For the reasons discussed, the Court recommends that the District Judge, after his independent review and analysis, deny Defendant's Motion to Dismiss for Vindictive Prosecution. (Doc 91).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 08-1070-RCC**.

DATED this 21st day of October, 2009.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE